IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

STEVEN KENT BLOOM,

                Plaintiff,

     v.                                     CASE NO.07-3220-SAC

TABOR MEDILL,

                Defendant.

**O R D E R**

Plaintiff, a prisoner incarcerated in the Lansing Correctional Facility (LCF) in Lansing, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. § 1983. The sole defendant named in the complaint is LCF Unit Team Member Medill.

Notwithstanding plaintiff's payment of the full district court filing fee, the court is required to screen the complaint and to dismiss the complaint or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b). *See* Plunk v. Givens, 234 F.3d 1128, 1129 (10th Cir. 2000)(§ 1915A applies to all prison litigants, without regard to their fee status, who bring civil suits against a governmental entity, officer, or employee).

In this action, plaintiff complains that in August 2004 Medill harassed plaintiff and ordered him to a work assignment contrary to plaintiff's disabilities. A disciplinary report issued when plaintiff refused the assignment citing his 100 percent work disability as determined by the Veterans Administration prior to

plaintiff's incarceration.  Plaintiff states he fully exhausted administrative remedies on September 28, 2004, regarding the injurious work assignment.

Plaintiff also cites a state court action he filed under K.S.A. 60-1501 and 42 U.S.C. § 1983, raising issues that included the same or similar allegations against Medill as in the instant case. The Kansas Court of Appeals reversed the state district court's summary dismissal of the unexhausted claims in that action, including plaintiff's allegations against Medill. Bloom v. Muckenthaler, 34 Kan.App.2d 603 (2005).  On remand, the state district court dismissed the unexhausted claims without prejudice on August 25, 2005.

Plaintiff then filed the instant action in August of 2007,[1] and contends the complaint is timely filed within two years of the state court's dismissal without prejudice of plaintiff's claims against defendant Medill.  Having reviewed the record, the court finds the complaint is subject to being summarily dismissed as time barred.

The Supreme Court directs courts to look to state law for the appropriate period of limitations in cases filed under 42 U.S.C. § 1983. Wilson v. Garcia, 471 U.S. 261, 266-67 (1985).  In Kansas, that period is two years. *See* Baker v. Board of Regents of State of Kan., 991 F.2d 628, 630-31 (10th Cir. 1993)(two-year statute of limitations in K.S.A. 60-513 applies to civil rights actions brought pursuant to 42 U.S.C. § 1983).  Under federal law, which determines

---

[1] Plaintiff's pending motions for court orders declaring the filing date of his complaint pursuant to the mailbox rule (Docs. 2 and 3) are denied without prejudice to plaintiff raising this issue if this action is not dismissed as time barred for the reasons stated herein.

the date a cause of action accrues, "[a] civil rights action accrues when the plaintiff knows or has reason to know of the injury which is the basis of the action." Smith v. City of Enid ex rel. Enid City Comm'n, 149 F.3d 1151, 1154 (10th Cir. 1998)(*quotations omitted*).

Here, plaintiff's claim of constitutional deprivation by Medill accrued in August 2004. To avoid the limitations period expiring two years later, plaintiff contends he is entitled to tolling of that limitations period until August 25, 2005, while he exhausted prison administrative and state court remedies. This is not correct.

The Prison Litigation Reform Act requires a prisoner to exhaust available administrative remedies before commencing an action in federal court. 42 U.S.C. § 1997e(a). The Tenth Circuit Court of Appeals has yet to decide whether this statutory directive requires tolling of the limitations period during the prisoner's exhaustion of such *administrative* remedies.[2] Plaintiff, however, goes beyond that statutory requirement and claims tolling during his exhaustion of state *court* remedies as well. The court finds no authority for this claim. Unlike the exhaustion of state court remedies required before seeking federal habeas corpus relief, a prisoner's "exhaustion of state remedies is [generally] not a prerequisite to an action under § 1983." Heck v. Humphrey, 512 U.S. 477, 480

---

[2]*See e.g.* Smith v. Ortiz, 2006 WL 620871, *4 (10th Cir., March 14, 2006)(unpublished opinion)(noting that majority of circuits addressing this issue have concluded that statute of limitations applicable to a § 1983 action must be tolled while a prisoner completes the administrative remedy exhaustion process mandated by 42 U.S.C. § 1997e(a), but not deciding the issue in this case).

3

(1994)(*quotations omitted*).

Accordingly, even if the court were to assume the two year limitations period began running upon plaintiff's full exhaustion of administrative remedies on September 28, 2004, plaintiff had two years from that date to seek relief under 42 U.S.C. § 1983 for the alleged violation of his constitutional rights. Plaintiff filed his state court action in a timely manner, wherein the claim at issue in the present case was dismissed without prejudice on August 25, 2005, leaving plaintiff approximately a year or more to refile his claim in the state or federal courts in a timely manner.[3] Plaintiff failed to do so.

Nor does it appear that plaintiff is entitled to any equitable tolling of the limitations period because no due diligence is demonstrated by plaintiff's two year delay after termination of his state court action to seek relief in federal court. *See* Garcia v. Shanks, 351 F.3d 468, 473 n. 2 (10th Cir. 2003)(equitable tolling available only when an inmate diligently pursues his claims).

The court thus directs plaintiff to show cause why the complaint should not be dismissed as stating no claim for relief because plaintiff's claims are time barred. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion

---

[3] The Kansas savings statute does not apply because the two year period for commencing a timely action had not expired when the state court dismissed plaintiff's claims without prejudice. *See* K.S.A. 60-518 ("If any action be commenced within due time, and the plaintiff fail in such action otherwise than upon the merits, and the time limited for the same shall have expired, the plaintiff, or, if the plaintiff die, and the cause of action survive, his or her representatives may commence a new action within six (6) months after such failure.").

thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

IT IS THEREFORE ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as time barred.

IT IS FURTHER ORDERED that plaintiff's motions for court orders (Docs. 2 and 3) and motion for issuance of summons (Doc. 5) are denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 26th day of November 2007 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge