IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**STEVEN KENT BLOOM,**

                **Plaintiff,**

     v.                                   **CASE NO.07-3220-SAC**

**TABOR MEDILL,**

                **Defendant.**


### O R D E R

Plaintiff, a prisoner incarcerated in the Lansing Correctional Facility in Lansing, Kansas, proceeds pro se on a complaint filed under 42 U.S.C. § 1983. The sole defendant named in the complaint is LCF Unit Team Manager[1] Medill.

In this action, plaintiff alleges Officer Medill harassed plaintiff and ordered him to a work assignment in August 2004 that was contrary to plaintiff's disabilities. When plaintiff refused the assignment, Officer Medill issued a disciplinary report which plaintiff claims was in retaliation for plaintiff's legal filings. By an order dated November 26, 2007, the court directed plaintiff to show cause why this action should not be dismissed because plaintiff did not file his complaint within the two year limitations period for seeking relief under 42 U.S.C. § 1983.

Having reviewed plaintiff's responsive pleadings, the court continues to find the complaint should be dismissed as time barred.

---

[1] The court corrects its earlier identification of this defendant as a Unit Team Member.

As clarified by plaintiff's recent filings, plaintiff exhausted prison administrative remedies on September 28, 2004, regarding the alleged injurious work assignment. Thereafter, plaintiff filed a tort action in the state courts seeking relief on various issues including a claim that he was assigned to a prison job which was contrary to his disability, and that this work assignment was in retaliation to plaintiff's prior filing of a lawsuit against the Kansas Department of Corrections and staff. *See* Bloom v. Muckenthaler, et al., Leavenworth District Court Case 2004-CV-0432. The state district court granted defendants' motion to dismiss that complaint, but pursuant to a partial reversal and remand by the Kansas appellate courts, it dismissed without prejudice plaintiff's injurious work assignment and retaliation claim on August 25, 2005.

Plaintiff filed the instant action in August of 2007, claiming it was timely filed within two years of the state court's dismissal without prejudice of plaintiff's claims against defendant Medill. The court disagreed, finding plaintiff's claim of constitutional deprivation by Officer Medill accrued in August 2004, and finding no merit to plaintiff's argument for tolling during plaintiff's pursuit of administrative and state court remedies. The court thus directed plaintiff to show cause why the complaint should not be dismissed as time barred.

In response, plaintiff likens the alleged retaliatory disciplinary report to a claim of malicious prosecution and broadly contends his exhaustion of administrative and state habeas remedies was mandated before such a claim could accrue, and contends no favorable termination on his allegations of error was required. Plaintiff further maintains he is entitled to tolling of the two

2

year limitation period while he pursued administrative and state court remedies, including his state habeas action under K.S.A. 60-1501 from the September 2005 filing date through the United States Supreme Court's denial of certiorari review in April 2007. *See* Bloom v. McKune, Leavenworth District Court Case 2005-CV-468.

This response lacks legal merit, and appears to confuse the accrual date of a prisoner's claim for damages under 42 U.S.C. § 1983 as determined in Heck v. Humphrey, 512 U.S. 477 (1994),[2] with the statutory tolling of the federal limitation period for a state prisoner seeking habeas corpus review in a federal court, *see* 28 U.S.C. § 2244(d)(2). Plaintiff's response fails to persuade the court that a different accrual date should apply to plaintiff's claims of constitutional deprivation by Officer Medill, or that the two year limitation period should be tolled while plaintiff exhausted tort and/or habeas remedies in the state courts. Moreover, plaintiff's reliance on Heck is misplaced because the Supreme Court subsequently held that when a prisoner, such as plaintiff in the present case, seeks judgment on claims that do not disturb the prisoner's state conviction or the state's calculation of the sentence imposed on that conviction, the habeas exhaustion requirement in Heck does not apply. *See* Muhammed v. Close, 540 U.S. 749 (2004). *See also* Butler v. Compton, 482 F.3d 1277, 1279 (10th Cir. 2007)(starting point for application of Heck "is the existence

---

[2]In Heck, the court compared a prisoner's claim for damages and equitable relief under 42 U.S.C. § 1983 for alleged constitutional error in a prison administrative proceeding to a claim of malicious prosecution, and held the prisoner's § 1983 claim did not accrue until the prisoner obtained a favorable termination of available state or federal habeas remedies to challenge the prisoner's underlying conviction or sentence.

of an underlying conviction or sentence that is tied to the conduct alleged in the § 1983 action").

Alternatively, plaintiff contends he is entitled to equitable tolling of the two year limitation period because he diligently pursued relief in his state tort and habeas actions, and because he had to deal with changes in the law and judicial error. The court again disagrees.

State rather than federal tolling rules apply in § 1983 cases. Roberts v. Barreras, 484 F.3d 1236, 1241 (10th Cir. 2007)(*citations omitted*). While tolling of the limitations period is generally available only as provided by Kansas statutes, Underhill v. Thompson, 37 Kan.App.2d 870, 879 (2007), Kansas courts have applied the doctrine of exceptional circumstances, *see* Slayden v. Sixta, 250 Kan. 23 (1992). Plaintiff's circumstances, however, fall far short of satisfying this limited exception. Plaintiff had ample time from the state court's dismissal of plaintiff's claim without prejudice on August 25, 2005, to refile his claim in the state or federal courts in a timely manner, but failed to do so. Plaintiff's decision to instead pursue relief in a state habeas action, an action not required to litigate plaintiff's allegations against Officer Medill, does not entitle plaintiff to tolling.[3]

Accordingly, for the reasons stated herein and in the order entered on November 29, 2007, the court concludes the complaint should be dismissed as stating no claim for relief because

---

[3]*See e.g.*, Heller v. Heller, 30 Kan.App.2d 481 (Kan.App. 2002)(two-year limitations period on accounting action between cotenants of farm was not tolled by cotenant's filing of a partition action which was not necessary to receive an accounting on the farming operation).

plaintiff's claims are time barred. *See* 28 U.S.C. § 1915(e)(2)(B)(ii)("Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that...the action...fails to state a claim on which relief may be granted").

    IT IS THEREFORE ORDERED that plaintiff's complaint is dismissed as stating no claim for relief.

    **IT IS SO ORDERED.**

    DATED:  This 1st day of February 2008 at Topeka, Kansas.


    s/ Sam A. Crow
    SAM A. CROW
    U.S. Senior District Judge