```
            IN THE UNITED STATES DISTRICT COURT
                 FOR THE DISTRICT OF KANSAS
```

**STEVEN KENT BLOOM,**

                **Plaintiff,**

       **v.**                                       **CASE NO.07-3220-SAC**

**TABOR MEDILL,**

                **Defendant.**

## O R D E R

Plaintiff filed a complaint under 42 U.S.C. § 1983, seeking relief from a Unit Team Manager at the Lansing Correctional Facility in Lansing, Kansas. By an order dated February 1, 2008, the court dismissed the complaint as stating no claim for relief because the complaint was not filed within the applicable two year limitations period. Before the court is plaintiff's motion to alter and amend that judgment.

Plaintiff alleged Officer Medill harassed him and ordered him to a work assignment in August 2004 that was contrary to plaintiff's disabilities. When plaintiff refused the assignment, Officer Medill issued a disciplinary report which plaintiff claims was in retaliation for plaintiff's legal filings. Plaintiff exhausted prison administrative remedies on September 28, 2004, regarding the alleged injurious work assignment, and then filed a tort action in the state courts seeking relief on various issues including a claim that he was assigned to a prison job which was contrary to his disability, and that this work assignment was in retaliation to plaintiff's prior filing of a lawsuit against the Kansas Department

of Corrections and staff. The state district court granted defendants' motion to dismiss that complaint, but pursuant to a partial reversal and remand by the Kansas appellate courts, it dismissed without prejudice plaintiff's injurious work assignment and retaliation claim on August 25, 2005.

Plaintiff filed the instant action in August of 2007, claiming it was timely filed within two years of the state court's dismissal without prejudice of plaintiff's claims against defendant Medill. The court disagreed, finding plaintiff's claim of constitutional deprivation by Officer Medill accrued in August 2004, and finding no merit to plaintiff's arguments for tolling until plaintiff stopped pursuing relief in the state courts.

In his motion to alter and amend that judgment, plaintiff essentially repeats his arguments for tolling during his pursuit of administrative and state court remedies.

"Grounds warranting a motion [to alter and amend under Rule 59(e)] include (1) an intervening change in the controlling law, (2) new evidence previously unavailable, and (3) the need to correct clear error or prevent manifest injustice. Thus, a motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law. It is not appropriate to revisit issues already addressed or advance arguments that could have been raised in prior briefing." Servants of Paraclete v. Does, 204 F.3d 1005, 1012 (10th Cir. 2000)(citations omitted).

Plaintiff's motion to alter and amend is clearly based on the third ground, but having carefully reviewed plaintiff's arguments, the court finds no showing of any error of fact or law that requires

modification of the final order and judgment in this matter. Plaintiff's motion is denied.

IT IS THEREFORE ORDERED that plaintiff's motion to alter and amend the judgment entered in this matter is denied.

**IT IS SO ORDERED.**

DATED:  This 5th day of August 2008 at Topeka, Kansas.


 s/ Sam A. Crow
SAM A. CROW
U.S. Senior District Judge